PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLIAM MITCHELL, *et al.*, | ) |
| | ) CASE NO. 5:12CV2603 |
| Plaintiffs, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| AMERICAN STANDARD INSURANCE | ) |
| COMPANY OF OHIO, *et al.*, | ) **MEMORANDUM OF OPINION** |
| | ) **AND ORDER** |
| Defendants. | ) [Resolving ECF No. 13] |

On September 12, 2012, Plaintiffs William Mitchell, Leslie Memmers, and Clearwater Medical Services, on behalf of themselves and all others similarly situated, filed a complaint in the Summit County, Ohio Court of Common Pleas, being Case No. CV-2012-09-5125. American Standard Insurance Company of Ohio and Does 1 through 50 were named as defendants in this putative class action.

On October 17, 2012, American Standard timely removed this action to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"). Notice of Removal (ECF No. 1).

Pending is Plaintiffs' Motion to Remand (ECF No. 13). The Court has been advised, having reviewed the record, the parties' briefs and the applicable law.

Plaintiffs argue that there is no diversity jurisdiction for this case under the CAFA because this case involves only parties from Ohio and the amount in controversy is not at least

(5:12CV2603)

$5,000,000.00, the minimum amount for CAFA jurisdiction.[1] American Standard argues to the contrary that there is diversity jurisdiction for this case under the CAFA. Pursuant to 28 U.S.C. § 1332(d)(2)(A), district courts "shall have original jurisdiction" over a "class action in which . . . *any* member of a class of plaintiffs is a citizen of a State different from any defendant." (emphasis added). Relying on the Declaration of Angela Marie Zitzelsberger (ECF No. 23-1), Defendant avers that there are multiple persons whom fall within Plaintiffs' proposed class definition whom, although residing in Ohio at the time their medical claim payments were allegedly reduced subject to the challenged "Reduction Code," have since moved and now reside in a state other than Ohio (including California, Georgia, Indiana, Tennessee, Florida, West Virginia, Missouri, and Colorado) – thus establishing minimal diversity for CAFA jurisdiction. Plaintiffs label this "Defendant's speculation – based on inadmissible testimony, regarding unidentified 'electronic data,' purportedly reflecting unidentified persons who lived in Ohio, but moved to another state -- as a basis for diversity under CAFA is wholly without merit."[2] ECF No. 20 at 1.

For the reasons that have been articulated in the memoranda of the points and authorities (ECF Nos. 13 and 20) on which Plaintiffs rely in support of the motion, the Court finds that Defendant has not overcome the strong presumption against removal. Plaintiffs' Motion to Remand (ECF No. 13) is GRANTED. The case is remanded to the state court from which it was

---

[1] Without discussion beyond that presented in the pleadings, the Court finds Plaintiffs' position that Defendant has not met its burden to show by a preponderance of evidence that the amount in controversy meets the CAFA threshold, in excess of $5,000,000 well taken.

[2] Apart from the challenged declaration, Defendant failed to present evidence supporting the electronic data on which it relies to allege diversity of citizenship.

2

(5:12CV2603)

removed, 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."), along with the following pending motion:

> Defendant American Standard Insurance Company of Ohio's Motion for Judgment on the Pleadings (ECF No. 9).

IT IS SO ORDERED.

| | |
|---|---|
| January 31, 2013 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |